# CHARLESTON.

STATE v. CAROLINE SERGENT *et al.*

Submitted February 14, 1922.    Decided February 21, 1922.

1.  TAXATION—*Forfeited Lands—What One Seeking to Redeem Must Show.*

    One seeking to redeem land from forfeiture in a suit prosecuted by the commissioner of school lands, must in his petition filed pursuant to sections 16 and 17 of chapter 105 of the Code, state in full his title to such land, accompanied by the evidence thereof, and by full and satisfactory proof show that at the time the title to the land is alleged to have vested in the State, he had a good and valid title thereto, legal or equitable, superior to that of any other claimant thereto, and failing in which requirements or any of them he should be denied redemption.    (p. 362).

2.  SAME—*Forfeited Lands—Effect of Deed Granting to Adverse Claimant all the Right, Title and Interest of One Seeking to Redeem.*

    Where one seeking to redeem such forfeited land shows by his petition that he has made or joined with others in a deed or contract settling or compromising a suit against him and others involving his right and title to such land, and whereby he has granted to the adverse claimant all his right, title and interest therein, he thereby shows want of right and title superior to such adverse claimant justifying a decree of redemption in his favor, and redemption should be denied him.    (p. 363)).

Appeal from Circuit Court, Roane County.

Suit by the State of West Virginia against Caroline Sergent and others.    Decree for plaintiff, and defendant Caroline Sergent appeals.

*Affirmed.*

*S. P. Bell, John W. Lane* and *Harper & Baker*, for appellant.

*Thomas P. Ryan, R. C. Altizer* and *Raymond Dotson*, for appellees.

MILLER, JUDGE:

This suit was manifestly begun and prosecuted by the commissioner of school lands at the instance of · the defendant Caroline Sergent, to enable her to apply for redemption of the tract described in the bill as the · first tract, and containing one hundred acres, more or less, in Geary District of Roane County, and which the bill alleges and she admits was forfeited in her name. The answer of the United Fuel Gas Company, however, if not that of the defendants W. F. Cook and H. C. Simmons, not found in the record, denies the forfeiture thereof by the owners thereof. The decree complained of shows the filing of the joint and several answers of Cook and Simmons, but these are not found in the record, and some advantage is sought by the appellant on this ground, she insisting that the plaintiff's bill ought to be taken for confessed as to them. The State is not complaining of the decree, and she can not rely on the supposed pro confesso of the State's bill.

Prior to the filing of the bill of the State, the appellant Caroline Sergent had instituted her suit in equity in the same court against the said W. F. Cook, Ephriam Sergent, her husband, Henry D. Sergent, United Fuel Gas Company and South Penn Oil Company. In her bill she undertook to deraign her supposed title to the tract she sought to redeem, and therein and thereby sought to correct a certain deed made by her and her husband Ephriam Sergent to said W. F. Cook, dated April 5, 1915, in so far as said deed purports to convey any part of the tract of 211 acres claimed by her other than the part thereof conveyed by her and her husband to James Hall and W. F. Cook, by deed of December 8, 1906; also to correct another deed made by her and her husband to Henry D. Sergent, dated May 14, 1916, purporting to convey to the said Ser-

gent one-half of the oil and gas in and under a tract described by adjoining lands as containing 52 acres, more or less, and as being the same land conveyed by said W. F. Cook to her and her husband by deed of April 5, 1915, in so far as said deed attempts or purports to convey any of the oil and gas within and underlying any part of plaintiff's said 211 acres, and praying the court to remove the same as clouds on her title to the said 211 acres, in so far as said deeds purport to convey any part or parts thereof other than so conveyed to the said James Hall and W. F. Cook; praying also for the cancellation of the oil and gas lease executed by said Hall and Cook to the South Penn Oil Company, particularly set out in the bill, and that it might be construed to embrace or include only that part of the plaintiff's land as constituted a lap or interlock upon what she describes in the bill as the McClaskey tract, and which was conveyed by her and her said husband to the said James Hall and W. F. Cook; and her bill also prayed for a perpetual injunction against the defendants, their representatives, agents and employees from entering upon plaintiff's said 211 acres and from putting down any well or wells, and from operating them or any of them, etc., except the portion thereof so conveyed by her and her husband to the said Hall and Cook as aforesaid; and there is also a prayer for general relief.

The bill in this case was answered by defendants, wherein all the allegations material to the alleged rights of the plaintiff to the relief prayed for were denied, who also and by way of estoppel pleaded and relied on the deeds of plaintiff which she sought to have corrected, set aside, concelled and annulled, and other deeds and contracts executed by her, and certain conduct on her part wholly inconsistent with her present claims to relief.

In appellant's petition and answer filed in the present suit of the commissioner of school lands she admits the forfeiture of the 100 acres, the first tract, as alleged in the bill, and then undertakes to show the manner of the forfeiture, alleging this land to be a part of the aforesaid 211 acres, that 61-1/4 acres thereof remaining after prior con-

veyance by her, which included about 14-1/2 acres continued on the land books for the years 1906, 1907, and 1908, were improperly dropped from the land books. She also in this connection alleges that about the year 1908 she purchased a tract of 83-3/4 acres, which was assessed to her for the year 1909 and each subsequent year, and that the balance, 14-1/4 acres with which she had been previously charged, seemed to have been dropped from the land books. So far as we find, she does not allege from whom she purchased the 83-3/4 acres in 1908, nor exhibit any deed therefor.

In the petition and answer of appellant she referred to the pendency of her suit against Cook and others, and asked that the original, amended and supplemental bills therein, together with all exhibits therewith, and the answers of the defendants thereto, and all exhibits therewith, and all depositions taken on behalf of plaintiff and defendants, together with all exhibits filed therewith, and all orders and decrees of the court made and entered therein, and papers filed therein, might be taken, read and treated as a part of her said answer and petition.

The answer of the defendant United Fuel Gas Company to the bill of the State also refers to the preceding suit of appellant and likewise prays that said suit may be consolidated or heard together with this suit. It alleges that the 100 acres sought to be redeemed was and is a part of a tract of 450 acres known as the McClaskey land, and that it was never any part of the 211 acres once owned by appellant; but was the residue of the 450 acres of McClaskey land left after three prior conveyances by the McClaskeys out of the same, and which Virginia McClaskey conveyed to W. F. Cook and James Hall by deed of May 6, 1905, and thereafter leased by them to the South Penn Oil Company, by deed of lease of July 18, 1906, which lease by subsequent assignment came to respondent.

The decree appealed from shows that the cause was heard upon the pleadings and proofs in both suits, with the stipu-

lation of counsel that the suit of the appellant should be governed by the decision of the suit of the State against her and others.

To entitle appellant to redeem said land from the forfeiture thereof, pursuant to sections 16 and 17 of chapter 105 of the Code, it was necessary for her in her petition to set out fully her title thereto, accompanied by the evidence thereof, and by full and satisfactory proof show that at the time the title became vested in the State she had good and valid title thereto, legal or equitable, superior to any other claimant thereof. The only title upon which she apparently relied was the deed to her from W. H. Sergent and wife, dated May 12, 1902, calling for 211 acres, by metes and bounds, apparently covering the greater part of the 100 acres sought to be redeemed, a part of a 700 acre tract which was conveyed by W. H. Sergent and wife to Smith and Rader, January 12, 1856. But the record shows that the said W. H. Sergent had not owned any part of this larger tract since that date, and therefore had nothing remaining within said 700 acre boundary to convey to any one on September 14, 1901, and moreover, that the petitioner, prior to the filing of her petition, had sold and conveyed away to others all of the land outside of the boundary of said 700 acre Smith and Rader tract, and certainly had no title to any land within that boundary. The record further shows that the particular tract of 100 acres was part of lot No. 34, containing 450 acres, allotted to Smith or his daughter Virginia McClaskey in the partition of said 700 acres, and out of which she had subsequently conveyed three parcels as follows: 262 acres to W. H. Justice, 133 acres to Peter Looney, and 165 acres adjoining the 100 acres here involved to appellant's husband Ephriam Sergent; that the residue thereof, supposed to contain about 80 acres, but actually containing 104 acres, becoming delinquent, was sold by the State and purchased by the heirs of Virginia McClaskey, who on May 6, 1905, conveyed the same to W. F. Cook and James Hall, who afterwards finding the Sergents laying some claim to the land, instituted their suit in ejectment against them, which was compromised and

settled by the parties, and the defendants, in consideration of seventy-five dollars cash in hand paid, by deed of December 8, 1906, granted and conveyed unto the said Cook and Hall "all their right, title and interest in and to" the tract described as containing 95 acres and the same land conveyed to said Hall and Cook by Holly McClaskey and others by deed of May 6, 1905. The record further shows that subsequently, on March 22, 1913, James Hall and wife conveyed their half interest in said tract to W. V. Hall, who with his wife, on September 14, 1914, conveyed said half interest to appellant's husband Ephriam Sergent, reserving certain timber thereon, and that thereafter, by two deeds of April 5, 1915, the said W. F. Cook and Ephriam Sergent partitioned said tract of 95 acres, found to contain 104 acres and 27 square rods, equally between them, but each deed provided that the partitioners were to share equally in the oil and gas rentals should the then lessee drill on the tract for oil and gas. The record also shows that after these partition deeds were executed Ephriam Sergent and Caroline Sergent, in consideration of $600.00 cash in hand paid, conveyed to the defendant Henry D. Sergent their one-half interest in the oil and gas underlying the said 52 acres, and described it as the same 52 acres conveyed to the parties of the first part by W. F. Cook by deed of April 5, 1915.

It was the purpose of appellant's bill to set aside, cancel and annul the said compromise deed of herself and husband of December 6, 1906, and the deed of said W. F. Cook to Ephriam Sergent of April 15, 1915, and the assignment of the said Ephriam Sergent to Henry D. Sergent of his interest in the oil and gas under the 52 acres aforesaid, as clouds on her alleged title to the whole of the said 211 acres, or that part thereof covered by the boundary of 80 acres, her theory being that these deeds on her part amounted to nothing more than the relinquishment of her dower in the lands covered thereby, and were not intended to convey her title to or any interest in the 211 acres or any part thereof.

It is perfectly plain to us from the record recited, as well as from other portions thereof not recited, that ap-

pellant has no semblance of right or title to any part of the 100 acre tract she seeks to redeem and never had any right or title thereto, acquired either under the deed from W. H. Sergent, of September 14, 1901, or by any other deed, and that even if she ever had any right outside of her inchoate right of dower in her husband's interest therein, she finally and forever concluded and estopped herself by the deeds of settlement and compromise of the said ejectment suit, by her joinder in said partition deeds and in the deed to Henry D. Sergent for the oil and gas rights in the 52 acres.

Much stress was laid upon the question of the true eastern and western boundary line between the W. H. Sergent and the so-called McClaskey or Smith and Rader tracts, and wide scope was taken in the pleadings and proofs, and in the briefs and argument of counsel, on this question. But as we view the case and the facts developed, this question is quite unimportant. The parties by contemporaneous and subsequent construction have placed this division line substantially where the appellees and their predecessors in title claim it to be, so as to conclude and estop appellant and her husband from asserting anything to the contrary. Appellant wholly failed to show right, legal or equitable, to correct, reform, modify or remove her deeds or the deeds of any of the other parties as clouds upon her title, and without this concededly she could have no right to redeem the land in controversy or any part thereof. We see no reason for citing authority for any of the familiar legal principles involved, and our conclusion is to affirm the decree.

*Affirmed.*